# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JIMMY BILSKEY, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1:13-cv-62 SNLJ |
| | ) |
| BLUFF CITY ICE, INC., et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel (#23). Plaintiffs allege that defendants failed to pay wages properly under the Fair Labor Standards Act ("FLSA"), the Missouri Wage and Hour Law, and Missouri common law. They currently have pending a motion to conditionally certify a collective action under the FLSA on behalf of the defendant Bluff City Ice, Inc.'s delivery drivers. Discovery in this matter has been bifurcated into two phases. Initial discovery was limited to issues regarding the "collective action" certification. A second round of discovery as to non-collective action issues will occur after the certification determination. Plaintiff asserts that defendants have not complied with their discovery obligations.

Plaintiffs contend defendants have not sufficiently responded to the following discovery matters, which the Court addresses in turn below.

**1. Request for Production ("RFP") 7**, which requested all audio or video recordings containing the voice or visual depiction of any agent or employee of defendant. Plaintiff says that defendant did not produce surveillance footage that showed when employees

entered and left the workplace. Defendant responds that the surveillance footage is stored for only 24 hours, so there are no known videos responsive to the request. Defendant states that it has supplemented its responses to indicate as such. Plaintiffs have not submitted a reply memorandum in support of their motion, so it appears they do not contest that RFP 7 has been appropriately addressed.

2. **RFP 43.** All handbooks, benefit booklets, policy manuals, employment policies, or other documents concerning employment, benefit, procedures, or practices that were provided to Plaintiffs and other Delivery Drivers by Defendants during the Class Period. Plaintiffs contend that a particular handbook was not produced, but defendant states that the handbook has now been produced to plaintiffs and suggests that resolves the issue. Again, plaintiffs have not submitted a reply memorandum in support of their motion, so it appears they do not contest that RFP 43 has been appropriately addressed.

3. **RFP 10.** All documents reflecting or describing tasks and activities, which must have been accomplished by Plaintiffs and other Delivery Drivers employed by Defendants during the Class Period in order to be able and/or ready to perform their jobs at any time during the Class Period. Plaintiffs state that, in particular, certain documents including daily vehicle inspection forms, repair logs, gas logs, oil check logs, and route books were not produced. Once again, defendant states it has supplemented its response to this request. Again, it appears plaintiffs do not contest that RFP 10 has been appropriately addressed.

4. **Interrogatories Nos. 19-24**, which seek information relating to the defendant's invocation of its affirmative defenses. With respect to those interrogatories, defendant objected that the interrogatory was "not reasonably calculated to lead to admissible evidence in phase 1 of

this proceeding." Defendant states that it will supplement its responses to those interrogatories during phase 2 discovery.

Interrogatory 24 seeks defendant's theory of law regarding classification of employees as exempt or non-exempt. Defendant objected regarding relevance and work product privilege, but defense counsel conceded at a deposition that all "driver employees" were "non-exempt," so defendant contends the interrogatory is moot now. Plaintiff apparently agrees.

As for the other five interrogatories at issue, they pertain to affirmative defenses as follows:

- defendant's good faith conformity with and in reliance on written administrative regulations, orders, rulings, etc. of government agencies
- defendant's reasonable belief that its acts were not in violation of law
- the existence of a contract
- plaintiffs' breach of contract
- plaintiffs' waiver

Phase 1 discovery goes to whether the members of the proposed collective action are similarly situated, which is what plaintiffs must show to have their collective action certified. The FLSA does not define "similarly situated," and the Eighth Circuit has not addressed what standard should be applied to the phrase. *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008). However, the general rule is that employees are similarly situated when they are "the victims of a single decision, policy or plan." *Id.*

The Court agrees that the matters related to defendant's affirmative defenses do not pertain to the initial discovery phase, which the parties agreed would be limited to issues

surrounding collective action certification. The matters at issue in Interrogatories 19-23 are, as defendant suggests, properly subject to discovery during the next phase.

**5.** "Supplemental information defendant's counsel agreed to produce." Specifically, plaintiff states that the defendant failed to provide phone numbers that defendant indicated it would supplement. Defendant responds that it is working to obtain last known telephone numbers from employee files. Defendant also points out that plaintiffs failed to provide phone numbers for former employees, despite having contact information for those individuals. Because the parties appear to agree that the phone numbers should be produced, the Court will order the parties to exchange contact information at a mutually agreeable time.

**6.** Finally, plaintiff listed as among the disputed discovery requests **RFP 9**, which requests all policies, procedures, directives, or communications regarding the job duties, descriptions, or responsibilities and/or daily activities of Plaintiffs and other Delivery Drivers created, or in effect during, any time during the Class Period. Although neither plaintiff nor defendant discuss this RFP or any disagreement regarding specific or general documents in dispute, it seems likely that this RFP may implicate documents that were also covered by RFP 43. As a result, the Court will deny the motion as to RFP 9 as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel (#23) is **DENIED** in part and **GRANTED** in part as follows:

- plaintiffs' motion is **DENIED as moot** with respect to items 1, 2, 3, and 6.
- plaintiffs' motion is **DENIED** as to item 4.
- plaintiffs' motion is **GRANTED** as to item 5.

Dated this  23rd  day of January, 2014

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE