UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JIMMY BILSKEY, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-62 SNLJ |
| ) | |
| BLUFF CITY ICE, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On January 29, 2014, this Court granted (#37) plaintiffs' motion for conditional class certification (#27). Plaintiffs seek to recover against their former employer unpaid wages, liquidated damages, attorney fees, and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") and state laws. Plaintiffs' motion sought an order requiring defendants to produce the full names, addresses, phone numbers, email addresses, and dates of employment for each class member to facilitate notice to potential plaintiffs. After the Court granted plaintiffs' motion, plaintiffs' counsel called defense counsel to obtain the requested contact information. Defense counsel explained that the information plaintiffs sought was contained in the defendants' Rule 26 disclosures and that no further disclosure was required.

Plaintiffs filed the pending motion to compel (#39) production of email addresses for all seventeen potential class members, dates of employment for all seventeen potential class members, and the phone number for potential class member James Duck. Plaintiffs state that notices sent to three of the seventeen potential class members (including James Duck's notice) have been returned as undeliverable.

Defendants have responded that they do not have the information plaintiffs seek and that they have disclosed "all available information." Plaintiffs dispute that statement because addresses provided on two declarations in defendants' class certification opposition are different from the addresses defendants supplied in their Rule 26 disclosure. Plaintiffs further complain that defendants have not supported their assertions that they lack such "basic information."

That defendants do not have email addresses for their former ice delivery drivers is not surprising. Defendants are not in a business that would necessarily rely on personal email addresses. However, it is unclear why defendants have not supplied employment dates for the seventeen individuals. Defendants do not explain their failure to supply employment dates at all, and they must do so in accordance with the January 29, 2014 order, which granted plaintiffs' motion requesting such information. As plaintiffs point out, defendants did not object to furnishing such information during briefing (and there was certainly nothing objectionable about supplying employment dates anyway).

Defendants might have avoided this conflict if they had provided more explanation regarding their failure to collect e-mail addresses or to have a phone contact number for Mr. Duck. However, now that the Court has been involved, the Court will order defendants to do the following:

1. Supply employment dates for each potential class member, to the extent plaintiffs still require that information. (Plaintiffs focus primarily on the e-mail addresses and phone number, not on the employment dates, so it is unclear whether they still lack that information (*see* #39-1 at 2.).)

2. Provide or explain the absence of a phone number for Mr. Duck, who surely must have supplied a phone number somewhere on his employment application or elsewhere in his employment file.

3. Confirm that addresses for the three employees whose notices were returned "undeliverable" are the most recent address known to defendants. (Plaintiff should provide defendants with the names of those potential class members.)

Defendants shall file a notice with the Court no later than May 8, 2014, confirming that they have furnished the above information to plaintiffs' counsel.

The Court, in its discretion, will deny the request for sanctions at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Compel (#39) is **GRANTED** in part and **DENIED** in part, as described herein.

Dated this __25th__ day of April, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE