IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JIMMY BILSKEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No: 1:13-cv-00062-SNLJ |
| | ) | |
| BLUFF CITY ICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENDANT'S EXHIBITS F AND J AND ANY REFERENCE TO WORKER'S COMPENSATION CLAIMS**

COME NOW Plaintiffs Jimmy Bilskey ("Bilskey") and Leo O'Hara ("O'Hara," collectively, "Plaintiffs"), by and through undersigned counsel, and for their Motion in Limine to Exclude Defendant's Exhibits F and J and any Reference to Worker's Compensation Claims, state as follows:

**STATEMENT OF FACTS**

Plaintiffs filed the instant lawsuit against Defendant Bluff City Ice, Inc. ("Defendant") for unpaid wages under both the Fair Labor Standards Act ("FLSA") and Missouri contract law. Plaintiffs were formerly employed by Defendant in Poplar Bluff, Missouri as delivery drivers ("Drivers"). Plaintiffs allege Defendant regularly required them to perform "prep work" and "check-out work" that was off-the-clock and not reflected in Defendant's time records. Plaintiffs contend Defendant failed to pay them for all compensable work time in violation of the FLSA and Missouri contract law.

In its pre-trial exhibit list, Defendant included two (2) exhibits (F and J) that appear to document "loss run" associated with Workers' Compensation claims by Plaintiffs. Defendant

1

stated it will introduce Exhibits F and J at trial.  Plaintiffs move to exclude Exhibits F and J and any reference to worker's compensation claims.

## ARGUMENT

I.     **Defendant Should Be Prohibited From Admitting Exhibit F and J.**

Exhibits F and J are wholly irrelevant and constitute inadmissible hearsay.  Several Federal Rules of Evidence justify the exclusion of Exhibits F and J from evidence.  Exhibits F and J purport to document the "loss run" associated with Workers' Compensation claims made by Plaintiffs Bilskey and O'Hara.  Exhibits F and J do not relate to any factual or legal issues in the instant lawsuit.  Moreover, they constitute inadmissible hearsay.  This Court should prohibit Defendant from introducing either exhibit at trial.

   A.    **FRE 401, 402 and 403 Prohibit the Admission of Exhibits F and J.**

Defendant cannot admit Exhibits F and J because they are wholly irrelevant.  Federal Rule of Evidence ("FRE") 402 provides that irrelevant evidence is not admissible.  FRE 401 further provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  FRE 403 further provides for the exclusion of relevant evidence where its probative value is substantially outweighed by the danger of unfair prejudice.

Nothing in Defendant's proposed Exhibits F and J is relevant to the substantive issues of the instant lawsuit—that is, whether Defendant properly paid Plaintiffs their wages for all hours worked under federal and state law.  Documents vaguely associating the term "loss run" to Plaintiffs' Workers' Compensation claims do not make it more or less likely that Defendant properly compensated Plaintiffs under the FLSA or Missouri contract law.  Exhibits F and J are inadmissible under FRE 402 because they are not relevant.

2

Moreover, even if Exhibits F and J were somehow construed to be relevant, the probative value of the exhibits is substantially outweighed by the danger of unfair prejudice.  Exhibits F and J have no probative value as to any material fact in the instant lawsuit.  Any business losses allegedly incurred in connection with Plaintiffs' Workers' Compensation claims have no bearing on whether Defendant Bluff City Ice properly compensated Plaintiffs in their work as drivers under applicable federal and state law.  In addition, the danger of unfair prejudice is clear: a jury may unfairly judge Plaintiffs in hearing and seeing evidence that Defendant somehow lost money in connection with the actions of Plaintiffs, especially insofar as the exhibits can be read to blame Plaintiffs for business losses incurred by Defendant.  Nonetheless, because Exhibits F and J have no probative value, the danger of unfair prejudice substantially outweighs their probative value.  Defendant's Exhibits F and J should be excluded under FRE 401, 402 and 403.

    **B.**    **No Exceptions Exist under the Federal Rules of Evidence to Admit Exhibits F and J.**

Exhibits F and J constitute inadmissible hearsay for which no exceptions under the Federal Rules of Evidence apply.  FRE 801 defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  FRE 802 states "[h]earsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court."

Exhibits F and J clearly constitute hearsay in that they are out-of-court statements made to express the truth of the matters asserted therein.  Defendant expressed its intent to use Exhibits F and J at trial, but its reason for doing so is not readily apparent.  Notwithstanding this uncertainty, to use Exhibits F and J for the purpose of proving that Defendant's business losses somehow related to Plaintiffs' conduct, Defendant must establish that a hearsay exception applies.

3

Defendant cannot admit Exhibits F and J under FRE 803. FRE 803 provides for at least twenty-two (22) different grounds (or exceptions) for the admission of hearsay evidence, including but not limited to the business records exception.

Here, none of the FRE 803 exceptions apply to the Exhibits F and J. Exhibits F and J are similar in content: they purport to document business losses in connection with Plaintiffs' Workers' Compensation claims. The business records exception does not apply for several reasons: (1) Exhibit F appears to be an e-mail, not a regularly kept record; (2) Exhibits F and J stand alone as single-page exhibits with no other accompanying information or context, and thus provide no circumstantial guarantees of trustworthiness; and (3) Defendant will not call Paul McBride (*i.e.*, apparent author of e-mail in Exhibit F) or any other person potentially capable of testifying as the records custodian for the documents and the exhibits are not otherwise certified pursuant to FRE 902(11) or (12). Fed. R. Evid. 803. None of the other exceptions under FRE 803 come close to providing grounds for admission of Exhibits F and J. Exhibits F and J should be excluded from evidence at trial.

Defendant cannot admit Exhibits F and J under FRE 807. FRE 807 provides a residual exception for hearsay evidence under very limited circumstances. A hearsay statement may not be excluded from evidence if its proponent establishes:

(1)  the statement has equivalent circumstantial guarantees of trustworthiness;
(2)  it is offered as evidence of a material fact;
(3)  it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
(4)  admitting it will best serve the purposes of these rules and the interests of justice.

FRE 804. Defendant cannot meet the standard under FRE 807.

Here, Exhibits F and J are not being offered as evidence of a material fact because business losses allegedly in connection with Plaintiffs' Workers' Compensation claims are factually and

legally irrelevant in the instant lawsuit.  Moreover, Exhibits F and J lack circumstantial guarantees of trustworthiness in that (1) no other documents or factual context accompanies the single-page exhibits and (2) Exhibit F appears to be an e-mail authored by an individual who will not testify at trial which was addressed to "Bluff Ice" without any e-mail address indicated therefor.  Finally, as explained throughout this Motion, admitting Exhibits F and J would not serve the purposes of these rules and the interests of justice.  Defendant cannot introduce legally and factually irrelevant hearsay documents which would undoubtedly cause juror confusion and unnecessary delay. *See* FRE 403.

## **CONCLUSION**

Defendant should be precluded from admitting Exhibits F or J at trial and any reference to Plaintiffs' worker's compensation claims.  Plaintiffs respectfully request the Court grant Plaintiffs' Motion in Limine, and for such other and further relief as this Honorable Court deems just and proper under the circumstances.

        Respectfully submitted,

By:      */s/ Kevin J. Dolley*
      Kevin J. Dolley, #54132MO
      Laura Spencer Garth, #61645MO
      LAW OFFICES OF KEVIN J. DOLLEY, LLC
      2726 S. Brentwood Boulevard
      St. Louis, MO 63144
      (314) 645-4100 (office)
      (314) 736-6216 (fax)
      kevin@dolleylaw.com
      laura.garth@dolleylaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the attorneys of record for Defendant on April 3, 2015 through the Court's electronic filing system.

                  */s/ Kevin J. Dolley*